IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

```
THOMAS L. McLALLEN, III,         )
                                 )
            Plaintiff,           )
                                 )
      vs.                        )  1:10-cv-01187-RPM
                                 )
SHERIFF KIRK M. TAYLOR,          )
UNDERSHERIFF J. R. HALL,         )
CAPTAIN LEIDE DEFUSCO,           )
INSPECTOR TOM PROUD,             )
BUREAU CHIEF DARLENE ALCALA,     )
                                 )
            Defendants.          )
```
_____

TRIAL TO JURY - DAY 7
PARTIAL TRANSCRIPT OF PROCEEDINGS
_____

Proceedings held before the HONORABLE RICHARD P. MATSCH, U.S. District Judge for the District of Colorado, beginning at 9:14 a.m. on the 23rd day of October, 2012, in Courtroom A, United States Courthouse, Denver, Colorado.

APPEARANCES

For the Plaintiff:　　　　　Reid Jason Elkus, Esq.
　　　　　　　　　　　　　　Donald C. Sisson, Esq.
　　　　　　　　　　　　　　Elkus Sisson & Rosenstein, P.C.
　　　　　　　　　　　　　　501 South Cherry Street, #920
　　　　　　　　　　　　　　Denver, Colorado  80246

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

```
                    APPEARANCES:  (Continued)

For the Defendants:         Andrew David Ringel, Esq.
                            Gillian Dale, Esq.
                            Hall& Evans, LLC-Denver
                            1125 - 17th Street, #600
                            Denver, Colorado  80202-2052
```

```
 1                    P R O C E E D I N G S
 2         (Whereupon, the following consists of a partial
 3    transcript of the proceedings requested:)
 4         THE COURT:  So, Mr. Ringel, why don't you make your Rule
 5    50 now, because I don't imagine anything yet to be heard from
 6    the plaintiff would affect your motion.
 7         MR. RINGEL:  That's fair, Your Honor.
 8         THE COURT:  All right.  To save time, let's do it now.
 9         MR. RINGEL:  Thank you, Your Honor.  I'll be brief.
10              Your Honor, on behalf of the defendants, Kirk
11    Taylor, J. R. Hall, Darlene Alcala, and Tom Proud, I move the
12    Court to determine, pursuant to Federal Rule of Civil
13    Procedure 50(a)(1), that the defendants are entitled to
14    judgment as a matter of law on the following issues, an
15    issue, Your Honor, I would incorporate all the arguments and
16    authorities raised before the Court in the defendants' motion
17    for summary judgment, the reply brief in support of summary
18    judgment, and the defendants' trial brief that was submitted
19    in anticipation of this trial.
20              First, I would move for judgment as a matter of law
21    on the merits of the plaintiff's First Amendment free speech
22    retaliation claim.  The evidence introduced at trial
23    demonstrates that the plaintiff has not demonstrated the
24    requisite causal connection between his First Amendment
25    protected activities and that his speech was a substantial or
```

4

1   motivating factor in the termination of his employment.  We
2   would also move for judgment as a matter of law in the
3   plaintiff's First Amendment freedom of association claim for
4   the same reasons as articulated on the First Amendment free
5   speech claim.
6              Second, Your Honor, I would move for judgment as a
7   matter of law with respect to the plaintiff's claims against
8   Undersheriff Hall, Chief Alcala, and Sergeant Proud, because
9   the evidence presented at trial has not demonstrated that any
10  of them actually caused any injury to the plaintiff.  As the
11  Court is aware, under 42 United State Code Section 1983,
12  there is a causation requirement, and a claim against an
13  individual defendant requires personal participation.  In
14  this case it's clear that Sheriff Taylor exercised his
15  independent judgment and decision making; and, therefore,
16  despite the fact that there were recommendations, at least by
17  Chief Alcala and Undersheriff Hall, there is no evidence to
18  suggest that they influenced the sheriff to make the decision
19  the sheriff did.
20             With respect to Sergeant Proud, all he did was do
21  an IA investigation and have some sustained violations.  As a
22  result, the causation is broken; and, therefore, you know,
23  because under Colorado law only the sheriff can terminate the
24  employment of a deputy, there is no basis to hold these other
25  folks liable from a causation perspective.

5

1           Further, we would ask for judgment as a matter of
2    law on behalf of Defendants Hall, Alcala, and Proud on the
3    ground of qualified immunity, Your Honor.  Under the second
4    prong of the qualified immunity analysis, as this Court is
5    well aware, the plaintiff has the burden to come forward with
6    clearly established law that holds that the specific conduct
7    of the individual defendant is violative of the United State
8    Constitution.  Here there is no precedent from the Supreme
9    Court, the Tenth Circuit, or, in the Tenth Circuit's language
10   in the Medina case, the overwhelming weight of authority from
11   other Federal Courts that holds that individuals who simply
12   participate in an investigatory and disciplinary process that
13   ultimately leads to a public employee's termination can be
14   held individually liable when the facts demonstrate that they
15   didn't make the final decision.  As a result, it's our
16   contention that Undersheriff Hall, Chief Alcala, and Sergeant
17   Proud are entitled to qualified immunity.
18           Last, Your Honor, we would move for judgment as a
19   matter of law on the issue of punitive damages.  Under
20   applicable precedent, plaintiff must demonstrate that each of
21   the individual defendants' actions were motivated by an evil
22   motive or intent or involve the reckless and callous
23   indifference to the plaintiff's First Amendment rights.  At
24   best, there is a question of fact about whether there is even
25   a violation of the plaintiff' constitutional rights.  It's

6

1  our submission that there isn't sufficient evidence to
2  demonstrate any of the defendants acted with the requisite
3  intent necessary to support punitive damages.  So, in the
4  alternative, we would move for judgment as a matter of law on
5  that issue.
6          Unless the Court has questions, I am concluded.
7  Thank you, Your Honor.
8      THE COURT:  All right.  Mr. Elkus--
9      MR. ELKUS:  Thank you, Your Honor.
10     THE COURT:  --with respect to--you know, I don't know if
11 you've yet had time to look at the instructions that I've
12 prepared, but I have conflated or merged the freedom of
13 association and the freedom of speech as a single claim in
14 this case, because I think it's impossible to separate them
15 out or to ask the jury to separate out what's constituting
16 speech, what's constituting association in a union.
17         Now, do you disagree with that?
18     MR. ELKUS:  I don't, Your Honor.
19     THE COURT:  Okay.  You said, "I don't"?  I think I heard
20 that.  I'm denying your motion--your Rule 50 motion with
21 respect to a violation of the First Amendment.
22         With respect to the defendants other than the
23 sheriff, here, too, I think the law is, as I have put it in a
24 proposed instruction, that those individuals in their
25 conduct--that is to say with respect to the investigation and

1  the reviews and the reports and the recommendation--it
2  depends upon whether the jury believes that they knew that
3  that would result in a termination because of the sheriff's
4  opposition to bargaining with the union.  So I am denying it
5  as to that.
6           And on qualified immunity, we don't submit
7  qualified immunity to the jury.  So if there is any doubt
8  about it, as a matter of law, they're not entitled to
9  qualified immunity.
10          It comes down to punitive damages.  I don't think
11 you made a case for punitive damages.
12     MR. ELKUS:  And, for the record, Your Honor, obviously
13 it's the plaintiff's take that we believe that we have at
14 least created a question of fact for the jury to determine
15 that these defendants acted recklessly or with callous
16 indifference as it relates to Mr. McLallen's constitutional
17 rights.  And I believe some of the facts that we've at least
18 established here, Your Honor, is that certainly some of these
19 defendants--I could walk through each one, but let me just
20 briefly say, as it relates to Sheriff Taylor, unequivocally
21 he's lied on the stand.  I mean, I think we've seen that
22 where he says--where he testified, "I didn't view the May
23 12th Tumbleweed incident, at least as it relates Lawrence
24 Lock, as the basis to terminate him."  But then in his
25 deposition he unequivocally stated that he did view it.  So

1  why is he lying?  I think the jury can infer that, based upon
2  his lack of veracity in this Court on the stand, that there
3  must be some other hidden issue here, that he truly was
4  motivated by the fact that Mr. McLallen's speech in
5  association with the FOP was really the motivating factor in
6  getting rid of him.
7      THE COURT:  Well, yeah, that's the issue for the jury.
8  But I don't believe that rises to the level that warrants
9  punitive damages.  So I'm striking punitive damages--
10     MR. ELKUS:  And that's fair, Your Honor.  Just for the
11 record then, we would say that we believe that there was at
12 least sufficient facts.
13     THE COURT:  Well, sure, yeah.  I mean, you made the
14 claim, and I understand it, and I understand the basis for
15 it, but I don't believe that it meets the requirements for
16 the intent under punitive damages, the intent to violate--to
17 retaliate is not the equivalent of the recklessness or
18 malice, all those things that go into punitives.
19         So that's how I'm ruling.
20     MR. ELKUS:  Very good, Your Honor.  And, just again for
21 the record, we certainly believe that there is sufficient
22 elements and facts--it would seem to me there are sufficient
23 facts established in this case to warrant punitive damages.
24 With that, obviously, Your Honor, that would be our record
25 for the Court.

9

1        THE COURT:  Sure.  All right.

2        (Whereupon, the requested portion of the proceedings was

3    concluded.)

4

5

6

7

8

9

10

11

12                       TRANSCRIBER'S CERTIFICATE

13        I hereby certify that the foregoing has been

14   transcribed by me to the best of my ability, and constitutes

15   a true and accurate transcript of the mechanically recorded

16   proceedings in the above matter.

17        Dated at Aurora, Colorado, this 31st day of December,

18   2012.

19

20                           /s/ Sylvia Besel

21                           Sylvia Besel

22                           Federal Reporting Service, Inc.

23                           17454 East Asbury Place

24                           Aurora, Colorado  80013

25                           (303) 751-2777